MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandeis L. LaBarbera, | No. CV 12-1740-PHX-DGC (BSB) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

On April 18, 2012, Plaintiff Brandeis L. LaBarbera, who is represented by attorneys W. Raymond Johnson, III, and Robert M. Gregory, filed a Complaint in the Superior Court of Maricopa County, Arizona, against Defendants State of Arizona, City of Goodyear, Eric N. Gomez, and a variety of fictitiously named defendants. On August 15, 2012, Defendant City of Goodyear, who is represented by attorney Lisa S. Wahlin, filed a Notice of Removal (Doc. 1). The Court will remand this case to the Superior Court of Maricopa County.

**I.      Procedural Defect**

All proper defendants in a state-court action must join in or consent to the notice of removal. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir.1999), *superceded in unrelated part by statute as stated in* Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681 (9th Cir. 2006). Defendant City of Goodyear indicates on the Supplemental Cover Sheet (Doc. 1-3) that Defendants State of Arizona and Eric Gomez were served prior to removal, but nothing in the Notice of Removal states or suggests that these Defendants have joined in or consented to the removal.

1  "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." Id. Defendant City of Goodyear has failed to do so. The Notice of Removal, therefore, is procedurally defective. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

The Court cannot *sua sponte* remand based on a non-jurisdictional defect in removal. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1193 (9th Cir. 2003). The Court, therefore, cannot *sua sponte* remand on this basis.

**II    Jurisdictional Defect**

In contrast, this Court has the duty to consider *sua sponte* its subject matter jurisdiction. Cf. Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003); see 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); "Subject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms, 346 F.3d at 1192.

"The removal statute is strictly construed against removal jurisdiction." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). The party invoking the statute bears the burden of establishing federal jurisdiction. Id.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). See also California ex rel. Lockyer, 375 F.3d at 838. The plaintiff is the master of the claim and "may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. A plaintiff, therefore, may choose to have a case heard in state court "by eschewing claims based on federal law." Id. at 399. See also California ex rel. Lockyer, 375 F.3d at 838-39.

In its Notice of Removal, Defendant City of Goodyear states that "Plaintiff brings one or more claims arising under the Constitution or laws of the United States pursuant to 42 U.S.C. § 1983." Defendant City of Goodyear is incorrect. Although *Defendant City of Goodyear's* Notice of Removal and Civil Cover Sheet refer to § 1983 and *Defendant City of Goodyear's* Supplemental Cover Sheet refers to federal claims, *Plaintiff's* Complaint does not refer to § 1983 or federal law.

Plaintiff's Complaint only refers to state law claims. Although Plaintiff alleges a "Violation of Civil Rights" in Count One of her Complaint,[1] a review of Plaintiff's allegations in Count One clearly indicates that she is raising a claim regarding her **Arizona** civil rights:

> Defendant's actions related to Defendant GOMEZ's lewd activity and sexual assault as described above was discriminatory against Plaintiff and inflicted cruel and unusual punishment upon Plaintiff, violated Plaintiff's rights to due process, violated Plaintiff's protection against unreasonable searches and seizures, violated Plaintiff's protection against excessive force, etc., all of which constitute a **violation of Plaintiff's civil rights under Arizona statute(s) and others**.

(Doc. 1-1 at ¶33) (Emphasis added).[2]

Defendant City of Goodyear, therefore, has failed to meet its burden of establishing federal jurisdiction over this case. Thus, the Court will remand this case to the Superior Court of Maricopa County.

. . . .

---

[1] The remainder of Plaintiff's Complaint raises state tort causes of action for assault and battery, sexual assault, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.

[2] The Arizona Constitution protects Arizona citizens against due process violations, unreasonable searches and seizures, and cruel and unusual punishment. See Ariz. Const. art. 2, §§ 4, 8, 15. See also Arizona v. Ault, 724 P.2d 545, 549 (Ariz. 1986) ("It is clear that the Fourth Amendment to the United States Constitution **and** art. 2, § 8 of the Arizona Constitution proscribe unreasonable search and seizure by the state. . . . The Arizona Constitution is even more explicit than its federal counterpart in safeguarding the fundamental liberty of Arizona citizens.") (emphasis added) (footnote omitted).

**IT IS ORDERED:**

(1) This matter is **remanded** to the Superior Court of Maricopa County, Arizona.

(2) The Clerk of Court must mail a **certified copy** of this Order to:

Michael K. Jeanes
Clerk of the Superior Court
Maricopa County, Arizona Superior Court
201 West Jefferson
Phoenix, Arizona 85003-2205

(3) The Clerk of Court must close this case.

DATED this 26th day of October, 2012.

*David G. Campbell*
David G. Campbell
United States District Judge

- 4 -